IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR HERNANDEZ, | |
| Plaintiff, | |
| v. | Case No. 23-cv-626-RJD |
| WEXFORD HEALTH SOURCES, INC., and DR. PERCY MYERS, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Victor Hernandez, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Hernandez alleges Defendants failed to properly treat his hernia in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the two entities and this Court.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Hernandez makes the following allegations: He was previously diagnosed with a ventral abdominal hernia. Because of the hernia, Hernandez alleges he is in a lot of pain, cannot sleep, and cannot use the bathroom properly (Doc. 1, p. 11). On July 25, 2022, he transferred from Stateville Correctional Center to Pinckneyville. Upon his arrival he wrote several requests to the healthcare unit for treatment of his pain and hernia but never received a response (*Id.*). He was finally scheduled to see the doctor on August 16, 2022, but his call pass was cancelled (*Id.* at 12). A subsequent appointment set for August 23, 2022 was also cancelled. He continued to submit sick call slips from September through November, but never received a sick call pass nor was he seen by any healthcare staff (*Id.*).

On December 7, 2022, Hernandez finally saw Dr. Percy Myers for his pain. Although Hernandez asked for an ultrasound and to be sent to an outside hospital for his hernia, Dr. Myers denied his requests. Dr. Myers informed Hernandez that he could only provide "binder support" and could not give him pain medications (*Id.*). Dr. Myers also informed Hernandez that surgery was too expensive. Hernandez alleged that, as of February 15, 2023, he had yet to receive another call pass or any additional care or treatment for his pain (*Id.*). He further alleged that he did not receive proper care because Wexford Health Sources, Inc., only cares about the contract and the money that they receive from IDOC and does not care about inmates' health (*Id.* at p. 13).

### Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** Eighth Amendment deliberate indifference claim against Dr. Percy Myers and Wexford Health Sources, Inc. for failing to treat Hernandez's hernia and associated pain.

**Count 2:** State Law intentional infliction of emotional distress claim.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Hernandez states a viable deliberate indifference claim against Dr. Percy Myers for delaying and failing to provide Hernandez with treatment for his painful hernia. Hernandez, however, fails to state a claim against Wexford Health Sources, Inc.. In order to state a claim against Wexford, Hernandez must point to an "(1) an express [corporate] policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority" who caused the deprivation. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021). Hernandez fails to point to any policy or practice of Wexford's that caused the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

delay in care. Instead, he merely states that Wexford does not care about patients and fails to provide medical care to inmates. This is not enough to state a claim against Wexford. Thus, the claim against Wexford is **DISMISSED without prejudice**.

Hernandez also fails to state a claim in Count 2. In his Complaint, Hernandez labeled his Count 2 as a claim for emotional distress, suffering, and pain. It is not entirely clear that he is trying to pursue to a state law claim of intentional infliction of emotional distress as well as his deliberate indifference claim. He merely states that since July 2022 he has suffered with abdominal pain and that it is difficult to go to the bathroom and to sleep at night and he has depression and anxiety (Doc. 1, p. 13). To proceed with a claim for intentional infliction of emotional distress, Hernandez must show that the officials acted in an extreme and outrageous way, intended to inflict severe emotional distress or knew of the high probability that it would occur, and caused the plaintiff to suffer from severe emotional distress. *See Doe v. Calumet City*, 641 N.E.2d 498, 506-07 (Ill. 1994) (citing Restatement (Second) of Torts § 46, comment d (1965)). Hernandez has not alleged that Defendants acted in an extreme and outrageous way or that they intended to cause emotional distress. Instead, he alleges that his life in prison, bad food, and bad conditions made his hernia worse, that Defendants failed to provide him medication or follow-up treatment, and as a result he suffers from depression, PTSD, and anxiety (Doc. 1, p. 13). These allegations do not state a claim. Thus, Count 2 is **DISMISSED without prejudice**.

### Pending Motions

Although Hernandez has not filed a separate motion for counsel, his Complaint includes a request for counsel because he is an immigrant from Honduras who can not

4

write English and does not speak English well. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, the defendant has yet to enter the case and there are no current deadlines which would require the assistance of counsel. Thus, Hernandez's request for counsel is **DENIED without prejudice**. Should Hernandez wish to renew his request for counsel, he should file a motion requesting counsel. To aid him in this effort, the Clerk of Court is **DIRECTED** to send Hernandez a "Motion for Recruitment of Counsel" form.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. Percy Myers. All other claims and defendants, including Wexford Health Sources, Inc., are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Dr. Percy Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Hernandez. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Hernandez, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Hernandez, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hernandez is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure

to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/26/2023**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**