IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR HERNANDEZ, #R45168, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-626-RJD |
| ) | |
| PERCY MYERS, ) | |
| ) | |
| Defendant. ) | |

### ORDER RECRUITING COUNSEL

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Recruitment of Counsel (Doc. 21). While recruitment of counsel as a matter of right is not available in federal civil litigation, a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1). *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). Once an indigent plaintiff makes a reasonable effort to find counsel on his own, the Court may recruit an attorney for him if "the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Dewitt*, 760 F.3d at 657 (*quoting Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

Here, Plaintiff did not provide a recent copy of his trust fund account in support of his motion. However, the Court is satisfied that he is indigent for the purposes of 28 U.S.C. § 1915(e)(1) based on the financial information contained in his Motion for Leave to Proceed in *forma pauperis* (Doc. 2) filed on February 21, 2023, and showing a balance of $3,468.44 in Plaintiff's trust fund account. *See Burns v. Ellison*, No. 19-CV-00771-SPM, 2021 WL 514146, at *3 (S.D. Ill. Feb. 11, 2021) (finding Plaintiff sufficiently demonstrated his indigency for purposes of 28 U.S.C. § 1915(e)(1) where a copy of his trust fund account showed a balance of $5,893.61).

Further, Plaintiff provided evidence of correspondence to law firms demonstrating a reasonable effort to find counsel on his own. (Doc. 21, pp. 3-10). The next question is whether Plaintiff is competent to litigate this case himself. Plaintiff attested that English is not his primary language, he "cannot speak, write, and/or read English very well," and that he only has a grade school education. (Doc. 21, p. 2). While this case proceeds only against one defendant on a single claim for deliberate indifference to serious medical need under the Eight Amendment, it factually and legally exceeds the Plaintiff's capacity as a layperson to coherently present it to the judge or jury himself due to his attested inability to speak, write and/or read English. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 21) is **GRANTED**.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), James D. Maschhoff of the law firm Amundsen Davis LLC is **ASSIGNED** to represent Plaintiff Victor Hernandez in this civil rights case. On or before December 11, 2023, assigned counsel shall enter his appearance in this case. Attorney Maschhoff is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Maschhoff. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[1] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if after the assignment counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

Further, due to Plaintiff's lack of fluency in the English language, the cost of an interpreter will be covered by the District Court Fund under paragraph 2.11 of the Plan for the Administration of the District Court Fund. The Court will arrange for an interpreter to be present at all Court proceedings. Plaintiff's counsel must secure an interpreter for his interactions with his client outside of Court (*e.g.*, phone calls, video chats, etc.). Counsel shall bear the up-front costs of the interpreter during his out-of-court interactions with his client but can seek reimbursement from the Court at the conclusion of this case (or on a rolling basis by showing good cause for authorizing reimbursement in a piecemeal fashion).

---

[1] https://www.ilsd.uscourts.gov/Forms/AdminOfDistrictCourtFund.pdf.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.  Mr. Mills can be reached by email at alan@uplcchicago.org.  His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

As of this date, Plaintiff's contact information is:

Victor Hernandez
R45168
PINCKNEYVILLE CORRECTIONAL CENTER
5835 State Route 154
PO Box 999
Pinckneyville, IL 62274

**IT IS SO ORDERED.**

**DATED: November 22, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**