IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VICTOR HERNANDEZ, R45168, | ) ) ) |
| Plaintiff, | ) ) Case No. 23-cv-626-RJD |
| vs. | ) ) ) |
| PERCY MYERS, | ) ) ) |
| Defendant. | |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 47) and Plaintiff's Motion to Dismiss Without Prejudice (Doc. 51). For the reasons set forth below, this case is dismissed with prejudice for failure to prosecute.

**Background**

Plaintiff Victor Hernandez, an inmate of the Illinois Department of Corrections ("IDOC"), brought this action on February 21, 2023, for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 while at Pinckneyville Correctional Center ("Pinckneyville"). After threshold review, Plaintiff was allowed to proceed on the following claim: Eighth Amendment deliberate indifference claim against Dr. Percy Myers for failing to treat Hernandez's hernia and associated pain. Doc. 9, p. 5.

On November 22, 2023, the Court assigned Attorney James D. Maschhoff to represent

---

[1] This case has been assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). Doc. 19

Plaintiff due to his inability to speak, write, and/or read in English. Doc. 25. Discovery was initially set to close on December 30, 2024, but the Court granted several extensions through September 29, 2025. Docs. 33, 40, 44, 46. On October 14, 2024, Defendant filed a motion to compel due to Plaintiff's failure to respond to written discovery, but the parties thereafter amicably resolved this dispute. Docs. 35 & 38. On September 29, 2025, Defense counsel filed a motion to dismiss for failure to prosecute. Doc. 47. Defendant alleged that on March 6, 2025, defense counsel corresponded with Plaintiff's counsel requesting dates for Plaintiff's deposition. *Id.*, p. 1. Having received no response, defense counsel again wrote Plaintiff's counsel on June 6, 2025, requesting Plaintiff's availability for deposition. *Id.* Defense counsel contacted Plaintiff's counsel on August 14, 2025, again requesting that he be produced for deposition. *Id.* This request again went unanswered. Defense counsel contacted Plaintiff's counsel again on September 5, 2025, and September 12, 2025. *Id.* Plaintiff's counsel finally responded on September 12, 2025, stating that he would contact his client, that his client was living in a halfway house, and that he needed to determine whether he needed permission to attend the deposition. *Id.* at 2. Defense counsel wrote Plaintiff's counsel on September 15, 2025, requesting that his client be produced on September 29, 2025, the day that discovery was to close. Plaintiff's counsel stated he would "check into it." *Id.* Defense counsel last contacted Plaintiff's counsel on September 23, 2025, to obtain his availability for deposition, but no response was provided. *Id.* Plaintiff did not respond to the motion.

On November 10, 2025, the Court held a hearing on Defendant's Motion to Dismiss for Lack of Prosecution. Doc. 49. At the hearing, Plaintiff's counsel explained that his last communication with Plaintiff was at the end of September, when they discussed the possibility of voluntarily dismissing the case without prejudice. Plaintiff had since failed to confirm his intent to

voluntarily dismiss the case or to otherwise communicate with his counsel or the Court.

On that day, the Court ordered Plaintiff, individually and not through his counsel, to show cause by December 1, 2025, why this case should not be dismissed for lack of prosecution due to his repeated failure to cooperate in discovery and communicate with his counsel. Doc. 50. Plaintiff was warned that failure to comply with that order would result in this case being dismissed with prejudice. *Id.* On November 26, 2025, Plaintiff, through his appointed counsel, moved to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2). Doc. 51. Plaintiff's counsel explained that Plaintiff received notice of the Court's Show Cause Order (Doc. 50) but was unable "to file anything" individually. *Id.* The motion did not state the reasons for Plaintiff's prior failure to cooperate in discovery and communicate with his counsel.

## Analysis

Under Rule 41(a)(2), "except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Rule 41(b), on the other hand, provides for dismissal of the case upon defendant's motion if "the plaintiff fails to prosecute or comply with . . . a court order." Fed. R. Civ. P. 41(b). Unless the dismissal order provides otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Further, "[i]t is well-established that district courts possess inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute." *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). In exercising that discretion, the district must "balance the competing interests of keeping a manageable docket against deciding cases on their merits." *Id.* (citing *Webber v. Eye Corp.,* 721 F.2d 1067, 1071 (7th Cir. 1983)). Dismissal with prejudice is a

drastic measure and should only be used in extreme cases, such as "when there is a *clear record of delay* or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Id.* (citing *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061 (7th Cir. 1989) (original emphasis).

Here, Plaintiff failed to prosecute this case in several ways. He did not cooperate with Defendant in his repeated attempts to schedule his deposition, he failed to communicate with his appointed counsel, and he failed to respond to Defendant's motion to dismiss. Further, Plaintiff did not comply with the Order to Show Cause in that he did not explain the reasons for his prior failure to prosecute this case. Discovery in this case has now closed after being extended several times and Plaintiff has not yet been deposed. Doc. 46. The Court notes that Plaintiff's conduct has resulted in the unnecessary waste of judicial resources. Plaintiff was assigned counsel early on in this case due to not being fluent in the English language. Despite that, Plaintiff failed to make the minimum effort to prosecute this case. Accordingly, the Court finds that dismissal with prejudice under Rule 41(b) is proper.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Dismiss Without Prejudice (Doc. 51) is **DENIED**, and Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 47) is **GRANTED**. This matter is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 2, 2025**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**